UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05910-RGK-SS | Date | October 18, 2018 |
|---|---|---|---|
| Title | *Injen Tech. Co., Ltd. v. AF Dynamic* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**  (IN CHAMBERS) Order re: Defendant's MOTION TO DISMISS [DE 16]

## I.  INTRODUCTION

On July 6, 2018, Injen Technology Company ("Plaintiff") filed a complaint against AF Dynamic and Stanley Chan ("Defendants"). Plaintiff designs, manufactures, and sells cold air intake systems for internal combustion engines. Plaintiff alleges that Defendants infringed on two of its patents, in violation of 35 U.S.C. § 271. Additionally, Plaintiff alleges that Defendants infringed on its trade dress, in violation of 15 U.S.C. § 1125(a), and engaged in unfair competition, in violation of California Business & Professions Code § 17200, *et seq*.

Presently before the Court is Defendants' Motion to Dismiss the Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the following reasons, the Court **GRANTS** Defendants' motion.

## II.  FACTUAL BACKGROUND[1]

Plaintiff designs and sells cold air intake systems for internal combustion engines. Cold air intake systems are popular aftermarket, automotive products that improve a vehicle's horsepower. (Pl.'s Compl. Ex. A, ECF No. 1-1.) Plaintiff owns United States Patent Numbers 7,359,795 ("Patent '795") and 7,669,571 ("Patent '571"). Patent '571 describes a calibrated air intake tract, while Patent '795 describes a method used to calibrate the air intake tract. Plaintiff's claimed inventions intend to enable installation of an aftermarket air intake system that is "precision-tuned in order to provide the best engine performance without the typical 'check engine' light being lit due to faulty mass airflow sensor readings." (Pl.'s Compl. Ex. B, ECF No. 1-2.)

Plaintiff's calibrated air intake tract contains a mass airflow sensor ("MAFS") segment, which has a distinctive shape. The diameter of the MAFS segment is narrower than the adjoining piping of the air intake tract. Plaintiff claims that it chose this shape for its "aesthetic qualities and distinctiveness."

---

[1] For purposes of the Motion to Dismiss, the Court accepts as true all factual allegations in the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05910-RGK-SS | Date | October 18, 2018 |
|---|---|---|---|
| Title | *Injen Tech. Co., Ltd. v. AF Dynamic* | | |

(Pl.'s Compl. ¶ 12, ECF No. 1.) Plaintiff also claims to have created this "distinctive, non-functional" trade dress so purchasers could associate its products with its company. (Pl.'s Compl. ¶ 34.) According to the patents, the shape of the MAFS segment, or its "optimum internal diameter," prevents illumination of the "check engine" light by maintaining original airflow conditions. (Pl.'s Compl. Ex. A.) Patent '571 claims the shape of the MAFS segment, which is determined by Plaintiff's patented method (Patent '795) used to precision-tune the air intake system.

Plaintiff asserts that Defendants sell cold air intake systems that infringe on Plaintiff's patents. Plaintiff further alleges that Defendants' products infringe on the unique shape of Plaintiff's products, which confuses and misleads purchasers, causing them to erroneously associate Defendants' products with Plaintiff's products.

### III. JUDICIAL STANDARD

Form 18 in the Appendix of the Federal Rules of Civil Procedure previously provided minimal requirements[2] to sufficiently plead claims of direct patent infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376–77 (Fed. Cir. 2016). Effective December 1, 2015, however, the Supreme Court eliminated Form 18 from the Federal Rules of Civil Procedure. *Id.* at 1377.

Since the Supreme Court abrogated Form 18, courts in this district have applied the pleading standards described in *Twombly* and *Iqbal* to direct patent infringement cases, requiring more factual allegations in a complaint than Form 18 previously required. *See, e.g., Macom Tech. Sols. Holdings, Inc. v. Infineon Techs. AG*, No. cv-16-02859-CAS-PLAx, 2017 U.S. Dist. LEXIS 178845, at *11 (C.D. Cal. June 5, 2017) ("Since [the abrogation of Form 18], courts have universally required more factual content setting forth a plausible claim for direct patent infringement."); *TeleSign Corp. v. Twilio, Inc.*, No. cv-16-2106-PSG-SSx, 2016 U.S. Dist. LEXIS 123516, at *3 (C.D. Cal. Aug. 3, 2016) ("[I]n the post-Form 18 world, a plaintiff must include allegations sufficient to permit the court to infer that the accused product infringes each element of at least one claim."). The Court finds no reason to deviate from other courts in this district. Accordingly, the Court applies the *Twombly-Iqbal* pleading standard to the instant motion.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to permit a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must

---

[2] Form 18's minimal requirements included: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05910-RGK-SS | Date | October 18, 2018 |
|---|---|---|---|
| Title | *Injen Tech. Co., Ltd. v. AF Dynamic* | | |

provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. A court "discounts conclusory statements, which are not entitled the presumption of truth, before determining whether a claim is plausible." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678).

**IV.  DISCUSSION**

Defendants argue that Plaintiff's Complaint should be dismissed in its entirety for failure to state any claim upon which relief can be granted. The Court agrees.

**A.  Patent Infringement Claims**

Plaintiff alleges that Defendants violated 35 U.S.C. § 271, which includes direct, induced, and contributory patent infringement. The Court addresses each claim in turn.

1. *Direct patent infringement*

Under § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). To be liable for direct patent infringement, a defendant must infringe on each element of a plaintiff's patent claim. *See Schumacher v. Cornell*, 96 U.S. 549, 554 (1878) ("If more or less than the whole of his ingredients are used by another, such party is not liable as an infringer, because he has not used the invention or discovery patented.").

Here, Plaintiff contends that the relative simplicity of its inventions does not require pleading additional facts to support a plausible claim of direct infringement. The Court disagrees. A plaintiff cannot simply identify some products and recite the elements of patent infringement, absent any factual support, to state a plausible claim to relief. While Plaintiff's Complaint may satisfy the minimal requirements of Form 18, Plaintiff has not met the *Twombly-Iqbal* pleading standard. Plaintiff asserts little more than conclusory allegations. The Complaint borrows language from the statute and alleges: "By making, using, offering to sell, selling and/or importing into the United States a version of [Plaintiff's patents], Defendants have infringed . . . ." (Pl.'s Compl. ¶¶ 20, 27.) This conclusory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05910-RGK-SS | Date | October 18, 2018 |
|---|---|---|---|
| Title | *Injen Tech. Co., Ltd. v. AF Dynamic* | | |

allegation is not entitled to the presumption of truth. Plaintiff therefore does not allege facts sufficient to support a plausible inference that Defendants directly infringed any of Plaintiff's patent claims.

        2.     *Induced or contributory patent infringement*

To prevail on a claim of induced or contributory infringement under §§ 271(b) or 271(c), a plaintiff must first demonstrate that there has been direct infringement. *Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005) (contributory infringement); *3M v. Chemque, Inc.*, 303 F.3d 1294, 1304 (Fed. Cir. 2002) (induced infringement). A plaintiff therefore must sufficiently plead direct infringement to support claims of induced or contributory infringement. Since the Court finds that the Complaint does not sufficiently plead direct patent infringement, any claims of induced or contributory infringement also fail.

    **B.**     **Trade Dress Infringement Claim**

To establish a trade dress infringement claim, a plaintiff must plead (1) that its trade dress is nonfunctional, (2) that its trade dress is distinctive, and (3) that the alleged infringement creates a likelihood of confusion as to the infringing product's source. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 766, 775 (1992). Here, Plaintiff merely alleges that it "created a distinctive, non-functional trade dress," and that Defendants' use of its trade dress "will cause, [sic] confusion and deception to the trade and public." (Pl.'s Compl. ¶¶ 34, 38.) Since these allegations only recite elements of the cause of action, they are conclusory and are therefore not entitled the presumption of truth. *See Chavez*, 683 F.3d at 1108.

Moreover, the Court questions whether Plaintiff can sufficiently plead that its trade dress is nonfunctional. Plaintiff alleges that it chose its trade dress (the unique shape of its air intake tracts) for its "aesthetic qualities and distinctiveness." (Pl.'s Compl. ¶ 12.) Taken as true, this allegation suggests that the trade dress is nonfunctional. However, that inference appears implausible. A careful reading of Patents '571 and '795 (Exhibits A and B)[3] suggests that the shape of Plaintiff's air intake tracts is functional. The patents state that the shape of the MAFS segment allows Plaintiff's air intake tract to operate without illuminating the vehicle's "check engine" light. (Pl.'s Compl. Ex. A.) When the diameter of the MAFS segment is too narrow or too wide, then the engine may run too lean or too rich. (*Id.*) But when the diameter is at its optimal size, the "optimized diameter" maintains proper airflow conditions. (*Id.*) In light of the patents' function, it is unclear without additional facts whether Plaintiff can plausibly plead that its claimed trade dress is nonfunctional.

Accordingly, Plaintiff does not sufficiently state a claim of trade dress infringement.

---

[3] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Patents '571 and '795, which were attached as exhibits to the Complaint, are therefore part of Plaintiff's Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05910-RGK-SS | Date | October 18, 2018 |
|---|---|---|---|
| Title | *Injen Tech. Co., Ltd. v. AF Dynamic* | | |

### C. Unfair Competition Claim

Plaintiff bases its unfair competition claim on its trade dress claim. Specifically, Plaintiff claims that Defendants infringed on its trade dress, and as such, willfully "engaged in unfair, deceptive, untrue or misleading advertising," in violation of California Business & Professions Code § 17200 *et seq.* (Pl.'s Compl. ¶¶ 43–45, ECF No. 1.) Since the Court finds that Plaintiff failed to sufficiently plead its patent and trade dress claims, the Court also finds that Plaintiff fails to plead its unfair competition claim.

### D. Leave to Amend

Rule 15 governs amendments to pleadings before trial. Rule 15(a)(2) allows a party to amend its pleading with the court's leave, providing that "the court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). This policy should be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave should be granted in the absence of a substantial reason to deny, such as a showing of any of the factors set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962). These factors include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.*

Here, the Court finds no reason to dismiss Plaintiff's Complaint with prejudice. Justice requires granting Plaintiff leave to amend.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS with leave to amend** Defendants' motion. Any amended complaint must be filed within **seven calendar days** from the date of this order.

**IT IS SO ORDERED.**

                                                                                          _____ : _____

Initials of Preparer