Tommy SF Wang (SBN: 272409)
Annie Wong (SBN: 295289)
Wang IP Law Group, P.C.
18645 E. Gale Ave. Ste #205
City of Industry, CA 91748
Telephone: (888) 827-8880
Facsimile: (888) 827-8880
Email: twang@thewangiplaw.com; awong@thewangiplaw.com

Attorneys for Defendants AF Dynamic and Stanley Chan

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INJEN TECHNOLOGY COMPANY LTD, A CALIFORNIA CORPORATION<br><br>PLAINTIFF,<br><br>vs.<br><br>AF DYNAMIC, A CALIFORNIA CORPORATION, STANLEY CHAN, AN INDIVIDUAL, AND DOES 1 – 10, INCLUSIVE<br><br>DEFENDANTS. | **Case No.: 2:18-CV-05910 RGK SS**<br><br>[~~PROPOSED~~] **STIPULATED ORDER ENTERING PERMANENT INJUNCTION AND FINAL JUDGMENT**<br><br>**Hon. R. Gary Klausner** |

//
//
//
//
//
//

The Court, having read and considered the stipulation of the parties and the record in this case, it is **ORDERED** that the stipulation is **GRANTED**.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. "'795 Patent" means U.S. Patent No. 7,359,795 entitled "calibration method for air intake tracts for internal combustion engines," including divisional, continuation, reissued, reexamined and continuation in-parts patents.

2. "'571 Patent" means U.S. Patent No. 7,669,571 entitled "calibrated air intake tract for internal combustion engines," including divisional, continuation, reissued, reexamined, and continuation in-part patents.

3. "Settlement Agreement" means the Settlement Agreement executed between the parties to settle and resolve all issues which they may have against each other arising out of or in connection with the '795 Patent and '571 Patent.

4. "Products" means products that were the subject of the Complaint.

**IT IS HEREBY ORDERED THAT:**

5. Defendants, as well as its successors, assigns, officers, agents, servants, employees, entities or persons directly or indirectly under its control, and those persons or entities in active concert or participation with it who receive the Court's Order will, twelve (12) months after the full execution of the Settlement Agreement, be permanently enjoined from promoting, marketing, and offering for sale products that infringes upon the '795 Patent and the '571 Patent.

6. Defendants, as well as its successors, assigns, officers, agents, servants, employees, entities or persons directly or indirectly under its control, and those

persons or entities in active concert or participation with it who receive the Court's Order are permanently enjoined from importing into the United States products that infringes upon the '795 Patent and the '571 Patent.

7. Defendants, as well as its successors, assigns, officers, agents, servants, employees, entities or persons directly or indirectly under its control, and those persons or entities in active concert or participation with it who receive the Court's Order will, six (6) months after Plaintiff has provided written confirmation of its claimed copyrighted material, be permanently enjoined from (a) using Plaintiff's claimed copyrighted material as determined per the Settlement Agreement and (b) using material bearing Plaintiff's trademark.

8. Injunction shall not apply to approximately 543 products in inventory, identified in an audit that is to be performed in accordance with the Settlement Agreement.

9. This Court has jurisdiction over the parties and subject matter of this action.

10. This Court shall retain jurisdiction to the extent necessary to enforce this Permanent Injunction.

11. This Action is dismissed with prejudice as to all Defendants.

12. Each party shall bear its own costs, expenses, and attorneys' fees.

This is a Final Judgment, and except as to this stipulated injunction, all claims are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: August 08, 2019

_____
R. Gary Klausner
U.S. District Judge